## AFFIDAVIT IN SUPPORT OF SEARCH WARRANT

I, Monique M. Comeau, a Special Agent of the Federal Bureau of Investigation (FBI), United States Department of Justice, being duly sworn, depose and state the following:

1. I have been employed as a Special Agent of the FBI since October, 1995, and am currently assigned to the St. Louis Field Office of the FBI. Since being employed as an agent with the FBI, I have been involved in complex investigations involving public corruption schemes, drug trafficking organizations, violent street gangs, mortgage fraud schemes, bankruptcy fraud schemes, and domestic terrorism matters.

2. Presently, I am assigned to the Public Corruption squad, which investigates the criminal activities committed by public officials, such as those who engage in a corrupt scheme involving the abuse of that public official's trust in violation of federal law. I have been involved in numerous investigations of local police officers alleged to be involved in various crimes, including the possession and distribution of illegal narcotics. Additionally, through my training and experience, I am familiar with the investigative methods of interviewing, conducting surveillance, and searching locations where documents supporting criminal schemes, narcotics, instruments of money laundering and evidence of other crimes may be found.

3. The FBI Public Corruption squad is currently investigating a corrupt scheme orchestrated by Sergeant Larry J. Davis, St. Louis Metropolitan Police Department (SLMPD), whereby DAVIS has systemically engaged in the theft of contraband, to include drugs and/or cash, from property seized from █████████████ and the █████████████

4. This affidavit is submitted in support of an application for the issuance of a search warrant for **6766 Eichelberger Street, St. Louis, Missouri, 63109** which is located within the

Eastern District of Missouri. It is my opinion and the opinion of the investigative team as experienced, trained investigators, that there exists probable cause to believe that evidence will be found in violation of: Title 18 U.S.C. 659 (Theft of Interstate or foreign shipments by carrier), and Title 21 U.S.C. 841 (Possession with intent to distribute controlled substances).

5. The information contained in this affidavit is based on law enforcement efforts, including physical surveillance, pen registers, document analysis, as well as information obtained from cooperating witnesses and reports provided by Special Agents and/or Task Force Officers (TFO) of the FBI.

6. Since this affidavit is being submitted for the purpose of securing a search warrant for **6766 Eichelberger Street, St. Louis, Missouri, 63109**, I have set forth the facts that I believe provide a necessary foundation and probable cause for the issuance of a search warrant for the listed and described location.

## INVESTIGATION

7. During December, 2010, the St. Louis Division of the FBI initiated an investigation of DAVIS upon learning that DAVIS, acting as his police department's liaison with ███████, routinely seized packages suspected of containing cash and or narcotics from ███████ branch located in the City of St. Louis, but failed to routinely complete police reports regarding the seizure and failed to submit the contraband into evidence at the SLMPD. A review of SLMPD police reports and evidence submissions showed a large disparity with the number of packages actually seized from ███████ St. Louis branch by DAVIS and those submitted into evidence or to the laboratory at SLMPD.

8. Official SLMPD police reports and SLMPD evidence submissions were cross

2

referenced with property seized by Davis as documented in ▇▇▇▇▇ reports obtained through Grand Jury Subpoenas from ▇▇▇▇▇. From October, 2010 to August, 2011, DAVIS seized 47 packages, believed to contain contraband of drugs and/or cash, from ▇ ▇▇▇▇ St. Louis branch. Of the 47 packages seized by DAVIS, only 13 of those seized were documented in a police report and evidence submission. No SLMPD police report or evidence submission existed for 34 of the packages seized by Davis from ▇▇ ▇▇▇ St. Louis branch.

9. Further review of SLMPD police reports showed that DAVIS acted in the same capacity with ▇▇▇▇▇ branch office in the City of St. Louis. Police reports showed that while DAVIS represented on the police reports that the address of certain seized packages originated from ▇▇▇▇ St. Louis branch, the package tracking numbers were actually unique to ▇. The investigative team believes that DAVIS' scheme of diverting packages containing contraband for his personal gain extends to packages seized from ▇. The investigative team has been able to corroborate that DAVIS seizes packages believed to contain contraband of drugs and/or cash from the ▇ St. Louis branch, just as he does from ▇▇▇▇ St. Louis branch.

10. Based upon Pen Register data, DAVIS has continued to communicate with both ▇▇▇▇ St. Louis branch, and the ▇ St. Louis branch through December, 2011; and it is believed that he has seized packages from both locations which packages have contained contraband of drugs and/or cash.

11. At approximately 1:50 p.m., investigating agents obtained information from representatives of ▇ St. Louis branch that DAVIS had been contacted to seize a package that

3

contained a large quantity of suspected Marijuana. Surveillance conducted by investigators on January 10, 2012, showed that at approximately 2:20 p.m. DAVIS appeared at the ███ located at ███████ St. Louis, Missouri, ███ DAVIS was in civilian clothes, and operating his personal vehicle. DAVIS was observed entering into the ███ office and then leaving the office carrying the package containing the suspected Marijuana, which was a brown cardboard box approximately 2 feet by 2 feet. DAVIS placed the package into his personal vehicle and departed the ███ office parking lot.

12. Following DAVIS' departure from the location at approximately 2:31 p.m., DAVIS drove directly to his home residence of **6766 Eichelberger Street, St. Louis, Missouri**. At about the same time, an individual believed to be DAVIS' brother arrived in front of DAVIS' residence in a Ford F 250 pick up truck and parked in front of the residence. Agents conducting surveillance then observed DAVIS arrive at his residence at 2:44 p.m., exit his vehicle with the brown cardboard package and, along with the individual believed to be his brother, enter his residence with DAVIS carrying the brown cardboard package via the front door. The individual believed to be DAVIS' brother was not carrying anything when he went with DAVIS into the residence.

13. At approximately 4:00 p.m., the individual believed to be DAVIS' brother left DAVIS' residence now carrying what appeared to be a black tool box which he placed in the bed of his pick up truck and departed the residence. Agents followed the individual believed to be DAVIS' brother to his residence at 5523 Golf Ridge, St. Louis County, Missouri. At that location the agents conducted an investigatory detention of the individual who was identified as Linus Davis. A drug detecting canine from the St. Louis County Police Department was brought

4

to the scene and "hit" on the area of Linus Davis' pick up truck in the area of the black tool box, indicating the presence of controlled substance. When the canine was allowed into the bed of the pick up truck, it specifically "hit" on the black tool box, indicating the presence of controlled substances within the tool box. The tool box is a black plastic Stanley Fatmax standard sized tool box.

14. DAVIS remained in his residence until approximately 4:30 p.m., at which time he departed his residence in his unmarked SLMPD police vehicle which had been parked at the residence. The agents observed DAVIS as he left his residence, and he was seen to be carrying only a small folder or paper. No visible "bumps" or protrusions could be seen which would suggest DAVIS' concealment of the brown cardboard box or its contents under his clothing.

15. Surveillance conducted during December, 2011, along with St. Louis City property records, confirm that DAVIS owns and resides at **6766 Eichelberger Street, St. Louis, Missouri, 63109**.

## LOCATION TO BE SEARCHED

16. Affiant is requesting a warrant for 6766 Eichelberger Street, St. Louis, Missouri which is the residence of DAVIS as detailed herein.

17. **6766 Eichelberger Street, St. Louis, Missouri,** is a one story single family residence situated on the south side of Eichelberger Street. The residence has a brown brick front. The residence has a front walk and a driveway that proceeds along the left/east side of the residence. The number "6766" is affixed on the front of the residence. There is a fence that encloses the backyard, which contains a swimming pool.

## RELIABILITY OF INFORMATION

5

18. The documents used in the investigation stem from official police reports from the SLMPD, evidence records from the SLMPD, and documents produced from ▮▮▮▮ pursuant to a Federal Grand Jury Subpoena.

19. The document/report analysis was conducted by trained Special Agents of the FBI and task force officers.

20. The interviews and surveillance conducted were conducted by trained Special Agents of the FBI and task force officers. ▮▮▮▮ and ▮ personnel interviewed corroborated each other's stories of identifying packages suspected of containing marijuana based on sight and smell observations.

21. Based upon my and the investigating teams' experience, I know the following:

   a. It is common for those possessing narcotics to maintain their supply in their residence or other buildings under their control, which includes paraphernalia for use, items necessary for packaging, cutting, and weighing if the narcotics are being prepared for distribution. The paraphernalia include, but are not limited to scales, plastic bags, and cutting agents.

   b. If the narcotics are being prepared for distribution and sale, then there will be accompanying books, records, receipts, notes, ledgers, computer hard drives and disk records, money orders and other papers relating to the transportation, ordering, sale and distribution of controlled substances. The aforementioned books, records, receipts, notes, ledgers, etc. are maintained where the drug traffickers have ready access to them, specifically in their residence or in other buildings under their control.

   c. Those possessing narcotics take or cause to be taken photographs of them,

6

their associates, their property and their product and maintain such photographs in their residence or other buildings under their control.

      d.    Evidence of occupancy and residence including, but not limited to utility and telephone bills, canceled envelopes, rental or lease agreements, and keys, is relevant evidence in narcotics prosecutions.

    22.    Based upon my and the investigating teams' experience, I know the following:

      a.    It is common for those possessing quantities of cash derived from the illegal possession and distribution of controlled substances to store such cash in concealed areas to include safes, walls, hidden compartments, and other areas of concealment.

    23.    Based upon my analysis and review of the preceding information, I believe that probable cause exists indicating violations of Title 18, United States Code, Section 659, and Title 21, United States Code, Section 841. Based upon the investigation by your affiant and other law enforcement officers, I believe that controlled substances, cash, contraband and/or documents evidencing participation in drug use and possible distribution and sales will be found at the location indicated above.

    24.    Based on the facts as construed by my training and experience and the training and experience of the investigative team, presented in the affidavit set forth, I have probable cause to believe that evidence as set forth in the attached "list" of the criminal scheme is contained within the above listed location.

    25.    I submit this affidavit in support of a search warrant for **6766 Eichelberger Street, St. Louis, MO** within the jurisdiction of the reviewing Court. I have reviewed the description of the premise, and believe it to be accurate, particularized description of the

premises to be searched at the addresses listed above.

26. In view of the ongoing nature of the investigation, and the risk of harm to informants, cooperating witnesses, to agents, and to the investigation, which would exist should the information in this affidavit be prematurely disclosed, I respectfully request that this affidavit and associated records concerning this search be sealed until further order of the Court.

27. Due to the fact that the residence to be searched has only been identified during the late afternoon hours of this date, and due to the nature of the items believed to be contained within the residence, your affiant requests authority to execute the requested Search Warrant during night time hours.

ITEMS TO BE SEIZED

1. Illegal Controlled Substances;

2. United States currency believed to be derived from the sale and/or distribution of illegal controlled substances;

3. Packaging related to illegal controlled substances and/or the possession or transportation of illegal controlled substances;

4. Documents and records pertaining to the illegal possession and/or distribution of controlled substances;

5. Illegal drug paraphernalia;

6. Documents pertaining to occupancy and ownership of residence;

7. Photographs pertaining to the illegal possession and/or distribution of illegal controlled substances.